UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

GEOFFREY BRINGMANN
on behalf of himself and all others similarly
situated

                   Plaintiffs,

    v.

NETWORK RECOVERY SERVICES, INC.

                 Defendant.
-----------------------------------------------------X

Civil Action No.


**CLASS ACTION
COMPLAINT**


**NO JURY TRIAL
DEMANDED**

        Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against

Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure

all others similarly situated, alleges as follows.


## INTRODUCTION

1. Geoffrey Bringmann ("Plaintiff"), on his own behalf and on behalf of the class he seeks
   to represent, brings this action to secure redress for the debt collection practices utilized
   by Network Recovery Services, Inc. ("NRS" or "Defendant") in connection with their
   attempts to collect alleged debts from himself and others similarly situated.

2. Plaintiff alleges that NRS's collection practices violated the Fair Debt Collection
   Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor;
   any false, deceptive or misleading statements in connection with the collection of a debt;
   unfair or unconscionable collection methods; and requires certain disclosures. *See* 15
   U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Geoffrey Bringmann, is an individual natural person who at all relevant times resided in the City of Kew Gardens, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, NRS, at all times relevant hereto, is and was a Corporation with offices located at 3 Expressway Plaza Ste. 200 Roslyn Heights, NY 11577.

10. The principal purpose of NRS is the collection of debts using the mail and telephone.

11. NRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. NRS is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## <u>FACTS</u>

13. On or about May 16, 2015, Plaintiff allegedly incurred a debt owed to New York-Presbyterian/Queens (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from medical services rendered to Plaintiff.

15. The medical debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection.

18. On or about January 12, 2017, NRS mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated January 12, 2017 except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

19. Plaintiff received and reviewed the letter attached as <u>Exhibit A</u>.

20. <u>Exhibit A</u> seeks to collect the Debt.

21. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. <u>Exhibit A</u> represents NRS's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

23. Besides the letter attached as Exhibit A, Plaintiff did not receive any other document from NRS purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

24. Upon information and belief, based on the content of Exhibit A, Exhibit A was the only document NRS sent to Plaintiff purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. The letter attached as Exhibit A states that Plaintiff had thirty days to dispute the referenced debt or any portion of it from their receipt of the letter.

26. The notice of the thirty-day period to dispute the Debt or any portion of it is required by 15 U.S.C. §1692g.

27. The thirty-day period for Plaintiff to dispute the Debt ended on February 11, 2017, which is thirty days after the January 12, 2017 date of the letter attached as Exhibit A.

28. On or about January 26, 2017, NRS mailed or caused to be mailed a second letter to Plaintiff. (Annexed and attached hereto as Exhibit B is a true copy of the later dated January 26, 2017 except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

29. Plaintiff received and reviewed the letter attached as Exhibit B.

30. Exhibit B seeks to collect the Debt.

31. The letter attached as Exhibit B is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

32. The letter attached as Exhibit B states in relevant part, "Your payment for this balance is due in our office within 10 days."

33. The 10-day deadline stated in <u>Exhibit B</u> would require Plaintiff to make a payment for the balance of his alleged Debt to Defendant by February 5, 2017.

34. The February 5, 2017 deadline stated in <u>Exhibit B</u> falls within the 30-day deadline for Plaintiff to dispute the Debt pursuant to 15 U.S.C. 1692g.

35. Plaintiff had until February 11, 2017 to dispute the Debt or any portion of it.

36. NRS's debt collection practice is largely automated and utilized standardized form letters.

37. <u>Exhibit B</u> is a standard form letter.

38. Documents in the form represented by <u>Exhibit B</u>, are regularly sent by NRS to collect debts from consumers.

39. NRS mailed or caused to be mailed letters in the form of <u>Exhibit B</u> over the course of the past year to hundreds of New York consumers from whom NRS attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

40. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein

41. In sending the letter attached as <u>Exhibit B,</u> NRS violated 15 U.S.C. §§1692e, 1692e(10), 1692g and 1692g(b).

42. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Section 1692g provides:

**§1692g Validation of Debts**

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

44. In considering whether a collection notice violates the FDCPA Courts in the Second Circuit apply the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).

45. The letter attached as <u>Exhibit B</u> violates 15 U.S.C. §1692g(b) because the letter – which was received during the 30-day validation period required by §1692g – overshadows and is inconsistent with the disclosure of Plaintiff's right to dispute the debt or request the name and address of the original creditor.

46. The letter attached as <u>Exhibit B</u> demands payment within 10 days. The 10-day deadline for payment in <u>Exhibit B</u> would require Plaintiff to make payment on or before February 5, 2017, which is prior to the expiration of the 30-day dispute period listed in <u>Exhibit A</u> and required by 15 U.S.C. §1692g (February 11, 2017).

47. This language demanding payment within 10 days in Exhibit B overshadows and is inconsistent with the Validation Notice provided by NRS in Exhibit A in that it overshadows and contradicts Plaintiff's absolute right to dispute the debt, absolute right to seek validation of the debt, and absolute right to request the name of the original creditor within 30 days of the Plaintiff's receipt of Exhibit A.

48. By demanding payment within ten days in Exhibit B, Defendant gave Plaintiff only 24 days from the date of the first notice attached as Exhibit A to decide whether to challenge the Debt. Plaintiff would not realize he had a statutory right to dispute the debt within 30 days in the face of Exhibit B giving him only 24 days. As such, NRS violated the FDCPA. *See* Russell v. Equifax, 74 F.3d 30, 34 (2d Cir. 1996) (By demanding payment within five days, the debt collector gave the debtor only 25 days from the date of the first notice to decide whether to challenge the claim. This period of time is less than the 30 days required to be given a consumer under the Act. *See* § 1692g(a)(4). No consumer — much less the least sophisticated one — is expected to know that the language on the back of the first notice takes precedence over the second notice when the instructions contained in the two notices are read in combination. We think it plain that plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second notice from the debt collector giving her only 25 days. Hence, the March notice violates § 1692g. The March notice also violates § 1692e(10)).

49. NRS violated 15 U.S.C. §1692e(10) because in the letter attached as Exhibit B, they demanded payment of the Debt within 30 days of the date of the letter attached as Exhibit A. In doing so, Defendant impaired Plaintiff's right to dispute the Debt within 30 days of

their receipt of <u>Exhibit A.</u> As such, Defendant used a false representation or deceptive means to collect or attempt to collect the Debt.

50. Plaintiff has alleged a particularized injury because the letters attached as Exhibits A and B were mailed and directed to him.

51. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff. *See* <u>Bautz v. ARS National Services Inc</u>., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016).

52. Be reason thereof, Defendant is liable to the Plaintiff and the proposed Class for judgment that Defendant's conduct violated 15 U.S.C. §§1692e and 1692g, and for statutory damages costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

53. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

54. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. This cause of action is brought on behalf of Plaintiff and the members of the following class.

56. The class consists of (a) all individual natural persons (b) with a New York address (c) who were sent a letter from NRS in a form materially identical or substantially similar to the letter attached as <u>Exhibit B</u> to the Complaint (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action and

on or before a date 20 days after the filing of this action (f) where the letter demanded payment of the alleged debt by a date that was within thirty (30) days of the date of the initial letter NRS sent to the individual.

57. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, and all officers and agents of Defendant.

58. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i.    **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of members of the class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii.    **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA,

specifically 15 U.S.C. §1692e and §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii.    **Typicality**: Plaintiff's claims are typical of those of the class he seeks to represent. The claims of Plaintiff and each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv.    **Adequacy**: Plaintiff will fairly and adequately protect the interests of the absent class members and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v.    **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all class members would be impracticable. Class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

59. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. A class action is superior for the fair and efficient adjudication of this matter in that:

    a.   Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights; and

    c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that NRS violated 15 U.S.C. §§1692e, 1692e(10), 1692g and 1692g(b);

3. An award of statutory damages for Geoffrey Bringmann and the class pursuant to 15 U.S.C. §1692k;

4.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.

§1692k; and

5.  Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       May 31, 2017

THE PLAINTIFF

/s/ Ryan Gentile

By:_____

Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (212) 675-6161
Fax: (212) 675-4367
rlg@lawgmf.com

**<u>NOTICE OF ASSIGNMENT</u>**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile

By:_____

Ryan Gentile